## CIRCUIT COURT OF BEDFORD COUNTY

Barry Johnson, by next friend

v.

Bedford County School Board

### March 11, 1983

By JUDGE WILLIAM W. SWEENEY

This is a case under Section 22.1-87 of the Code of Virginia requiring circuit courts to review actions of school boards on proper petition. The state statute provides that "The action of the school board shall be sustained unless the school board exceeded its authority, acted arbitrarily or capriciously, or abused its discretion."

Barry Johnson, age 17, and a senior at Jefferson Forest High School, stands charged with murder of another young man as a result of an early morning shooting incident in a Campbell County shopping center. The school superintendent suspended Barry from school but agreed to provide home bound instruction until the facts could be investigated and the School Board meet. During this time, facts of the incident and the impact on other students were investigated and evaluated by school officials. Following notice to the parents, the School Board expelled Barry Johnson at its January 13, 1983, meeting. Barry, his parents, and their attorney attended the meeting. In a letter to the parents dated January 5th, 1983, the superintendent said that he was recommending expulsion because ". . . events of December 5, 1982, in which Barry was involved, make it necessary to deny him access to

school property and school events in order to protect the safety and welfare of students and the educational process of the school division." Barry Johnson has not been convicted. His trial is set for April 27, 1983, in Campbell County.

The issue is whether the School Board had the authority to expel or abused its discretion in so doing under facts of this case.

State law and school board policy regulate expulsion. Grounds for expulsion which might be relevant here are "Serious or flagrant violations of the law or any section of the Student Code of Conduct," "conviction of a felony," and "other sufficient cause." (See School Board Exhibit "D" and Virginia Code Sections 22.1-277, 278.)

I agree with attorneys for Barry Johnson that he is entitled to a free public education and that an unreasonable denial of this privilege would violate his constitutional rights.

"It is generally recognized that with respect to discipline of students in public educational institutions involving the possible imposition of serious sanctions such as suspension or expulsion, the requirements of procedural due process under the Fourteenth Amendment are applicable." See Dixon v. Alabama Board of Education, 294 F.2d 150 (5th Cir. 1961), cert. den. 368 U.S. 930, 72 S.Ct. 368.

Attorneys for Barry argue that his rights were denied because he was not afforded due process, was denied equal protection, and was expelled for committing a felony for which he has not been found guilty.

I am not impressed with the due process argument. Sufficient notice of all proceedings was given. Barry appeared at the School Board meeting with his lawyer. The case of R. R. v. Board of Education, 109 N.J.Super 337, 263 A.2d 180 (1970), upon which petitioner relies,

is distinguishable because there was insufficent notice and opportunity to appear in that case.

Petitioner has not carried the burden of proving denial of equal protection although there was evidence of inconsistent treatment of Bedford County students charged with crimes. Also, the evidence showed lack of any workable system whereby school authorities would receive timely notice of student criminal misconduct.

The serious question and the one which has given this Court most difficulty concerns the felony charge which occurred off school premises after school hours. It is a basic principle of our law that a person is presumed innocent until proven guilty. Barry Johnson has been charged with a serious crime but he has not been proven guilty of it. In my opinion, expulsion of a student solely because he has been charged with a felony would be an abuse of School Board discretion and a failure of the Board to follow its own expulsion policy. On the other hand, if a student is expelled after an investigation of the facts because his continued presence at school would tend to cause disruption, concern and fear on the part of the student body and teachers, then I think there is an inherent power in the school board to suspend or expel prior to trial whether the charge is a felony or misdemeanor. The Attorney General of this Commonwealth has recognized this inherent authority. (See opinion of Attorney General dated July 8, 1975, addressed to the Commonwealth's Attorney of Southampton County.) See also, Pleasants v. Commonwealth, 214 Va. 646, 203 S.E.2d 114 (1974).

By way of illustration, if a student is charged with forging a check (a felony), he probably could not be expelled unless he was convicted of the offense. This is because such an offense is not likely to cause disruption of the school process. On the other hand, if he be caught distributing drugs to other students and charged with that offense, he might be suspended or expelled before he is tried if the facts are investigated and the expulsion is for the protection and benefit of other students attending the school.

Rights of other students and teachers must be respected as well as the rights of the person charged.

While it is a close case, I do not believe Barry Johnson was expelled solely because he was charged with a felony. I believe from the evidence and exhibits presented that Barry Johnson was expelled after an investigation because the School superintendent and Board felt that his continued presence at school would constitute a threat to his own safety and to that of others and might cause disruption among other students and staff. While I feel that a sanction less severe than expulsion should have been applied, it is not the role of this Court to substitute its judgment for that of the School Board. While a school board does not have unbridled discretion, its decisions must be respected by the courts if it acted within its authority. It even has the right to be wrong if it does not exceed its authority or abuse its discretion.

In my opinion, a better solution would have been to continue his suspension status with home instruction until he was tried. If this could be done until the School Board met, it could have been done until the trial. Having expelled Barry for the semester, what will the Board do if he is acquitted in April?

For the reasons stated, I must deny the petition. However, since Barry Johnson does not seek to return to school and since his parents are willing to hire a qualified teacher at their expense, I see no reason why school authorities should not promptly make available to him all his lesson assignments so that he can further his education while awaiting trial. I recommend that they do so. Apparently, the principal of Jefferson Forest High School had similar feelings because in his letter dated December 31, 1982, to the Director of Personnel Services he stated, "I am relieved that Barry's schooling is being continued at home as it was not our intention to deny him benefits of an education." (School Board Exhibit "A")

I also recommend that Bedford County school policy denying home bound instruction to students who are not

physically or emotionally handicapped be studied and changed to provide for suspension with home bound instruction for students charged with felonies but not yet tried. This would solve the School's problems by keeping the student off school premises until he is tried, and it would enable the student to continue his education at home. This change, along with the development of a better plan with Juvenile Courts to monitor student crimes, would lead to fairer treatment of all concerned.